OPINIO N of the Court, by
Ch. J. Boyle.
M'Min, who was complainant in the court below, derives his title to the land which is the subject of controversy, under a certificate for a pre-emption of 1000 acres, granted to him by the Jefferson county court, on the 17th of May, 1784. Having by virtue of this certificate obtained a pre-emption warrant, he made an entry thereon with the proper surveyor, on the 5th of October, 1786, and has since had the same surveyed and patented. The description given of the land intended to be located, is the same in both the certificate and entry, and is of the following tenor and effect, to wit, “ to include a spring and his improvement in the centre of a square, nearly a north of east course from Boone’s Station, on the upper side of Clear creek. N. B. The spring is remarKable for gushing oat of a round hole out of a large flat rock lying to the westward of a small rising.”
Subsequent to the date of M’Mm’s certificate, but prior to his entry upon the pre-emption warrant, Stafford had procured a patent for (he land in dispute, upon a survey purporting to be made in virtue of a certificate for a settlement of 400 acres. It is not. however pretended, that the certificate and entry under which Stafford has made his survey and procured his patent, covers the land in controversy. But as his patent is of a date anterior to that of M’Min’s entry with the surveyor, it is obvious if M’Mm’s- claim is reduced to the level of a treasury warrant, that M’Min cannot hold. It becomes material therefore to inquire whether his claim possesses the dignity of a pre-emption. This depends upon the validity of the certificate granted to him bv the county court. It is -contended on the part est Stafford, that the county court exceeded their juris** diction in granting the certificate to JI’Mm, he net be *488 ing one of that description of persons whose claims the county courts were authorised to hear and determine. To entitle himself to a certificate for a pre-emption of 1000 acres, under the act of the Virginia assembly of 1781, it was requisite that M’Min should be one of “ the good people” of that state ; that he should have been engaged in the public service of his country, when the commissioners for the district of Kentucky sat; and that he should have improved the land previous to the 1st day of January, 1778. In the absence of either of these requisites, the county court ought not to have granted.the certificate ; whether they existed or not, was a question therefore necessarily involved in the decision the county court were required to give. The non-existence of these requisites goes to the disability of the party to sustain his application, or to his right to the land in question, but does not go to the jurisdiction of the court.
Had the court granted a certificate for lands lying out of the county, or for 10,000 acres, instead of 1000, they would have exceeded their jurisdiction ; but in deciding upon the existence or non-existence of facts, which affect only the ability of the party to sustain his application, or his right to the land in question, they cannot with asy propriety be said to have exceeded their jurisdiction. The facts thus necessary for the party to prove, and upon which the court must have decided before the certificate ought to have been granted, must he presumed to have been proven.
This presumption is conclusive upon all who were parties to the adjudication, and those claiming under them. By such persons the verity of the facts upon which the certificate was granted, can never be disputed. This doctrine was fully recognized in the case of Ward and Kenton vs. Lee and Young, (vol. 1, p. 22) (Fitch vs. Bullock, 229.) In that case the court observes, that 44 where the adjudication interfered with no private right then existing, and the certificate granted does not on its face express a case not warranting the adjudication, but is expressed in such general terms as may comport with the law, there the commonwealth being represented by her officers in making the adjudication, ought to be concluded, and therefore all subsequent claimants from the commonwealth must likewise be concluded. In *489 this case Stafford had no right to the land in controversy when M’Min’s certificate was granted. It is true he had a survey made upon the land, but that survey was evidently off the ground occupied by the entry and certificate in virtue of which it purported to be made ; and a survey not warranted by a previous entry upon the ground, does not appropriate the land; it was still vacant, and therefore liable to be granted by the commonwealth. We are therefore of opinion, that the certificate granted to M’Min is valid, and that Stafford, claiming under a right acquired from the commonwealth after the date of M’Min’s certificate, is concluded from controverting the facts upon which it is founded.
The only other subject of inquiry which the case presents is, whether the description given of the land intended to be located, is sufficient to enable a subsequent locator, with reasonable diligence, to have found and avoided it. Upon this point there is no room f@r doubt. The spring and improvement are identified beyond all controversy. The improvement consisted o.f a cabin and cleared ground upon which corn was raised in 1776. The cabin stood near the spring, and is proved to have remained until after the time when M’Min made his entry with the surveyor, and to have been always known by the name of M’Min’s.
The spring corresponds perfectly with the description given of it in the location, and from its size, as well as from its other remarkable peculiarities mentioned in the certificate and entry, was eminently calculated, when compared with other springs in its vicinity, to attract the attention of all those conversant in its neighborhood.
When we add to these circumstances, which of themselves are sufficient to establish the entry, that Boone’s Station and Clear creek, the general objects-of description, possessed unquestionable notoriety ; that they were in the neighborhood of the spring and improvement, and that their relative situation corresponded substantially with what would naturally be expected from the calls in the location ; we can have no hesitation in saying that the proof is amply sufficient to support the entry.
There is no difficulty in the manner in which the survey ought to be made. A point between the spring and *490 thé place where Ae cabin stood, equidistánt from either, should be the centre of Ae surrey, and the lines should be run to the cardinal points. To all the land included in the survey when thus made, and which is also included in the survey of M’Min as actually made, he is entitled ; and so much thereof as is the subject of the present controversy, and is included in Stafford’s patent* Stafford and Troxwell ought to be decreed to convey to M’Min.
The decree of the general court must be reversed, and cause remanded for á decree tó be rendered according to the foregoing opinion.